MANDATE

20-1562
United States v. Bryant

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty.

Present:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

United States of America,

> *Appellee*,

v.  No. 20-1562

Wilbert Bryant, AKA Will, AKA La,

> *Defendant-Appellant*,

v.

Ppassim Elder, AKA Sam, AKA Big Sam, Mahdi Abdel-Rahim, Dwayne Ling, Frederick McCoy, Abdelkareem Abu Zahrieh, AKA Abdu, Mohammed Rabah,

> *Defendants*.[1]

For Defendant-Appellant: MICHAEL HUESTON, Esq., Brooklyn, NY.

---

[1] The Clerk of Court is directed to amend the caption to conform to the above.

MANDATE ISSUED ON 10/13/2020

| For Appellee: | ANDREY SPEKTOR, Assistant United States Attorney (Amy Busa, Keith D. Edelman, Genny Ngai, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
|---|---|

Appeal from an order of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Defendant-appellant Wilbert Bryant appeals from an order of the district court entered April 30, 2020 denying his motion for release on bond or, in the alternative, temporary pretrial release pursuant to 18 U.S.C. § 3142(i). We assume the parties' familiarity with the factual and procedural background of this case and the issues on appeal.

Bryant was arrested, arraigned, and ordered detained on January 4, 2019 pursuant to a third superseding indictment charging him with extortion, use and possession of a firearm, and causing death through use of a firearm. On March 12, 2020, the grand jury returned a fifth superseding indictment charging Bryant with (1) conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; (2) extortion conspiracy, in violation of 18 U.S.C. § 1951(a); (3) committing physical violence in furtherance of an extortion, in violation of 18 U.S.C. § 1951(a); (4) unlawful use and possession of firearms, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii); and (5) causing death through use of a firearm, in violation of 18 U.S.C. § 924(j)(1).

Shortly thereafter, the COVID-19 pandemic began to disrupt court proceedings throughout the Nation and especially in New York City, where Bryant has been detained at the Metropolitan Detention Center while awaiting trial in the Eastern District of New York. On the joint motion of the parties, the district court entered an order on April 14, 2020 adjourning trial

until December 1, 2020. On April 22, 2020, Bryant filed a motion seeking release on bond or, in the alternative, for temporary pretrial release pursuant to 18 U.S.C. § 3142(i). The district court denied the motion on April 30, 2020, after weighing the relevant factors and determining that Bryant had failed to rebut the presumption that there was no set of conditions sufficient to reasonably assure Bryant's appearance and the safety of the community. Bryant filed a timely notice of appeal on May 14, 2020.

The parties agree that, because Bryant was indicted for an offense under 18 U.S.C. § 924(c), he was subject to a rebuttable presumption that "no condition or combination of conditions" would "reasonably assure [his] appearance . . . as required and the safety of the community," 18 U.S.C. § 3142(e)(3), and that the district court was required to deny his motion for release on bond unless Bryant successfully rebutted that presumption, *see* 18 U.S.C. § 3142(e)(1). In determining whether the presumption has been rebutted, a district court must consider (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

We review a district court's bail determination for clear error. *See United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020). This "clear error standard applies not only to the factual predicates underlying the district court's decision, but also to its overall assessment, based on those predicate facts, as to the risk of flight or danger presented by defendant's release. That is, the determination that a package of bail conditions will protect the public from a purportedly dangerous defendant is a mixed question of law and fact which we review for clear error. We

will find clear error only where, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.*[2]

We find no clear error either in the district court's predicate factual findings or in its overall assessments that Bryant failed to rebut the 18 U.S.C. § 3142(e)(3) presumption and that Bryant posed a flight risk and a danger to the community. Bryant argues, however, that the district court erred by failing to consider the government's consent to the release of Bryant's co-defendant Frederick McCoy. According to Bryant, the government's consent to the release of an allegedly similarly situated defendant illustrates that there *is* a set of conditions that would reasonably assure Bryant's appearance and the safety of the community.

Although Bryant does not cite any authority requiring a district court to consider the treatment of "comparator" defendants, we have recognized that, in some circumstances, district courts must consider the treatment of other similarly-situated or "comparator" defendants in order to avoid arbitrary or unlawful distinctions in the bail system. *See United States v. Boustani*, 932 F.3d 79, 82 (2d Cir. 2019). We therefore acknowledge the force of Bryant's argument that if a set of bail conditions were sufficient to rebut the presumption against release in a similarly-situated co-defendant's case, it should have been sufficient in his own.

Nevertheless, in the particular circumstances of this appeal, we conclude that Bryant's argument fails. Bryant argues that the applicable factors in his case are "nearly identical" to those in McCoy's case, Reply Br. 4, but the similarities that Bryant pointed to in the district court were limited to an overlap in certain charges and offense conduct. In rejecting Bryant's bail motion, however, the district court relied on additional factors specific to Bryant's case: the circumstances of his January 4 arrest where he "resisted arrest, barricaded himself in his apartment, and attempted to stab one of the [arresting] officers with a knife," which the district

---

[2] Unless otherwise indicated, in quoting cases, we omit all citations, alterations, footnotes, emphases, and internal quotation marks.

court characterized as "demonstrat[ing] his propensity for violence." Appellant's Br. Ex. 2 ("Order"), at 6–7. The district court then concluded that this incident, together with Bryant's "violent criminal history" and "alleged involvement in the instant offense," shows that he "would pose a serious threat to the safety of the community upon release." *Id.* at 7. We identify no clear error in these findings concerning Bryant's individual conduct. Accordingly, we cannot conclude that the district court erred in failing to address Bryant's argument that the conditions of release deemed sufficient in McCoy's case should have been deemed sufficient in Bryant's case as well.

Finally, Bryant argues that the district court erred in declining to order his temporary pretrial release pursuant to 18 U.S.C. § 3142(i). That provision authorizes a district court to "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The district court determined that, notwithstanding the COVID-19 pandemic, Bryant did not present a sufficiently compelling reason for his temporary release or demonstrate that his release was necessary for the preparation of his defense.

We find no abuse of discretion in the district court's determination that Bryant's proffered reasons for temporary release were not sufficiently "compelling" in light of the countervailing factors that led the district court to deny his motion for release on bond.[3] Nor do we find any abuse of discretion in the district court's conclusion that temporary pretrial release was not necessary for the preparation of Bryant's defense, given that, at the time of the district

---

3   Although this Court does not appear to have addressed the standard of review on appeal from an order granting or denying temporary pretrial release under 18 U.S.C. § 3142(i), at least two of our sister circuits have reviewed such orders for abuse of discretion. *See United States v. Scarborough*, No. 20-1427, 2020 WL 4558271, at *1 (6th Cir. Aug. 5, 2020); *United States v. Hoover*, No. 20-10139, 2020 WL 3979853, at *1 (9th Cir. May 22, 2020). Because we would affirm even under the more lenient abuse-of-discretion standard, we need not address the government's apparent assumption that clear-error review should apply to this aspect of the district court's order.

court's order, trial was still approximately eight months away. In reaching that conclusion, the district court relied on an earlier opinion of the Southern District of New York, which noted that district courts had found pretrial release "necessary" for the preparation of a defense where trial was scheduled as soon as two months later, but that a five-month delay left enough time for the defendant to prepare his defense with counsel under the circumstances. *See United States v. Gonzalez*, No. 19-CR-906 (JMF), 2020 WL 1911209, at *1 (S.D.N.Y. Apr. 20, 2020).

We recognize that the district courts have confronted this and similar issues against the backdrop of an ongoing and evolving set of circumstances, and that the realities of the present moment may not match the expectations of the early days of the pandemic when the district court rejected Bryant's motion. The district court's determination that the amount of time between its order and Bryant's trial date allowed sufficient time for Bryant to prepare his defense necessarily relied on a prediction about the future—namely, a prediction about the degree of communication between Bryant and his counsel that would be possible over the ensuing months. Therefore, while we conclude that the district court acted within its discretion when it determined that pretrial release was not necessary for preparation of Bryant's defense at that time, we recognize that intervening circumstances may have undermined—or indeed, confirmed—the basis for that determination. Of course, the district court is capable of resolving any further disputes on that score as Bryant's trial date approaches.

We have considered all of Bryant's arguments and found in them no basis for reversal. For the reasons set forth above, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6