# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 16 COURT STREET | Tel: (718) 246-2900 |
| SUITE 1800 | Fax: (718) 246-2903 |
| BROOKLYN, NEW YORK 11241 | Email: mhueston@nyc.rr.com |

ADMITTED NY

September 2, 2021

**BY ECF**

The Honorable William F. Kuntz II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  *United States v. Elder, et al.,* 18 Cr. 092 (WFK)

Your Honor:

    At the parties' August 26, 2021 pretrial conference, the Court decided it would exclude individuals who are not vaccinated against COVID-19 from the impaneled jury. After researching the issue, we object to the decision and respectfully request that the Court impanel jurors who are both inoculated and non-inoculated from contracting COVID-19. Notwithstanding the exceptional and unprecedented nature of the worst pandemic our country has seen in over a hundred years, excluding non-inoculated individuals would have a discriminatory impact on the defendants in violation of the Jury Selection and Service Act of 1968, 28 U.S.C. §1861 ("JSSA"), and their Sixth Amendment right to a jury drawn from a fair cross-section of the community, and their rights under the Equal Protection Clause of the Fifth Amendment.

    The JSSA mandates that each federal district court "devise and place in operation a written plan for random selection of grand and petit jurors." 28 U.S.C. § 1863(a). In 2006, the Eastern District of New York set forth its plan to determine the selection of petit and grand jurors in The Jury Selection Plan for Random Selection from Voter Lists.[1] The Sixth Amendment guarantees a criminal defendant a petit jury selected from a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530, (1975). "[A] jury selection system yielding a significant underrepresentation of a minority group in jury venires can violate the "fair cross-section" requirement of the Sixth Amendment, even if proof of discriminatory intent necessary for a Fifth Amendment violation is absent. *United States v. Biaggi,* 909 F.2d 662, 677 (2d Cir. 1990), *citing Duren v. Missouri*, 439 U.S. 357, 368 n.26 (1979). The Equal Protection Clause of the Fifth Amendment similarly prohibits underrepresentation of minorities in petit juries, but requires animus, while the Sixth Amendment claim does not. *See United States v. Gelb*, 881 F.2d 1155, 1161 (2d Cir. 1989).

---

[1]https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf.

It is well-known that COVID-19 is disproportionately affecting racial/ethnic minority groups and those who are economically and socially disadvantaged.[2] Between December 14, 2020 and March 1, 2021, the first 2.5 months of the U.S. vaccination program, 51,873,700 residents of 49 U.S. states and D.C. received at least one dose of COVID-19 vaccine, representing 15.1% of the U.S. adult population.[3] During this time, high social vulnerability counties including racial/ethnic minority groups had lower COVID-19 vaccination coverage than low social vulnerability counties. *Id*. By August 18, 2021, 72% of the adult population in the United States received at least one dose of a COVID-19 vaccine.[4] However, "Black and Hispanic people remain less likely than their White counterparts to have received a vaccine." *Id*. The Center for Disease Control ("CDC") provides demographic characteristics of people receiving COVID-19 vaccinations in the United States.[5] White people represent 61.2% of the U.S. population and 58.9% of persons who are fully vaccinated. *Id*. Black people represent 12.4% of the U.S. population but only 9.3% of persons who are fully vaccinated. *Id*. In New York, 54% of the White population is vaccinated, but only 41% of the total Black population is vaccinated.[6] This constitutes a White to Black ratio of 1.32 and -13 percentage point difference between the White and Black rates. *Id*. As of August 16, 2021, 53% of the New York's Hispanic population was vaccinated and 84% of the Asian population was vaccinated. *Id.*

These statistics demonstrate minority groups continue to be disproportionally affected by COVID-19. Excluding non-inoculated jurors will lead to a further underrepresentation of minorities in our impaneled jury and deprive the defendants of their right to a jury drawn from a fair cross-section of the community, violative of the defendants' rights under the Fifth and Sixth Amendments. Though non-inoculated jurors must always be masked, in compliance with the EDNY Plan for Resumption of Jury Trials,[7] inclusion of such individuals will ensure the defendants' constitutional rights are not violated.

---

[2] Lopez L 3rd, Hart LH 3rd, Katz MH. Racial and ethnic health disparities related to COVID-19. JAMA 2021;325:719–20, https://doi.org/10.1001/jama.2020.26443.

[3] *CENTERS FOR DISEASE CONTROL*, County-Level COVID-19 Vaccination Coverage and Social Vulnerability — United States, December 14, 2020–March 1, 2021, https://www.cdc.gov/mmwr/volumes/70/wr/mm7012e1.htm?s_cid=mm7012e1_w.

[4] *Latest Data on COVID-19 Vaccinations by Race/Ethnicity*, Kaiser Family Foundation (Published: Aug 18, 2021), https://www.kff.org/coronavirus-covid-19/issue-brief/latest-data-on-covid-19-vaccinations-race-ethnicity/ (last visited Sept. 2, 2021).

[5] *CENTERS FOR DISEASE CONTROL,* Demographic Characteristics of People Receiving COVID-19 Vaccinations in the United States, https://covid.cdc.gov/covid-data-tracker/#vaccination-demographic (updating regularly).

[6] *Percent of Total Population that has Received a COVID-19 Vaccine by Race/Ethnicity* Kaiser Family Foundation (Timeframe: as of August 16, 2021), https://www.kff.org/other/state-indicator/percent-of-total-population-that-has-received-a-covid-19-vaccine-by-race-ethnicity/ (last visited Sept. 2, 2021).

[7] https://img.nyed.uscourts.gov/files/pub-news/Plan%20for%20Resumption%20of%20Jury%20Trials.pdf.

      We thank the Court for considering this request and respectfully asks the Court to reconsider its decision.

      Defendant Ppassim Elder joins in this application.

                              Respectfully,

                              s/Michael Hueston
                              Eylan Schulman
                              *Counsel for Wilbert Bryant*

cc:     Counsel of Record