

KDE/GN/ALK
F.#2017R02045

U.S. Department of Justice

*United States Attorney
Eastern District of New York*
*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2021

By E-mail and ECF

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ppassim Elder, et al.
                Criminal Docket No. 18-92 (S-5) (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in response to the defendants Wilbert Bryant's and Ppassim Elder's motion to prevent the Court from seating only jurors who are vaccinated against COVID-19. See ECF Dkt. No. 324. Although the Court recently denied this motion, the government respectfully submits this letter in an abundance of caution and to provide additional factual bases supporting the Court's ruling, which the government respectfully requests the Court adopt by "so-ordering" this letter.

      As the Court is aware, district courts have "broad discretion" to select a jury. See generally United States v. Torres, 128 F.3d 38, 43 (2d Cir. 1997). As explained below, a person's COVID-19 vaccination status affects his or her risk of contracting, and transmitting, the disease. Accordingly, asking a juror about his/her vaccination status is no different than asking about other medical information that could affect jury service, and therefore this falls firmly within the district court's discretion.

      In addition to partiality, the Court may excuse prospective jurors for other reasons. For instance, pursuant to 28 U.S.C. § 1866(c)(1), the Court may excuse a person summoned for jury service "upon a showing of undue hardship." The statute defines "undue hardship" to include "any . . . factor which the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror." Id. § 1869(j). As the Court is aware, all COVID-19 vaccines currently available in the United States "are effective at

keeping people from getting COVID-19, getting very sick, and dying." See Centers for Disease Control and Prevention ("CDC"), "COVID-19 Vaccines Work," available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/ effectiveness/work.html (last visited Sept. 2, 2021). Here, the Court is within its discretion in finding that seating a non-vaccinated (versus a vaccinated) juror would constitute an "undue hardship" for that person because this trial (1) will be conducted in the New York City metropolitan area, which has a high incidence of COVID-19[1]; (2) will be held in a single room for approximately three weeks, five days a week; and (3) will involve at least 12 jurors (plus alternates), three prosecutors, a federal agent, a paralegal specialist, the defendants, defense counsel, a court reporter, United States Marshals, the Court and its staff all in the same room, all of which increases the risk of transmission. Therefore, the Court's decision to excuse all non-vaccinated jurors is appropriate because forcing them to sit would increase their risk of contracting COVID-19 and thereby constitute an "undue hardship" on them.

    Alternatively, the Court may exclude a prospective juror on the ground that "service as a juror would be likely to disrupt the proceedings." 28 U.S.C. § 1866(c)(2). The Court's decision to exclude unvaccinated jurors is also appropriate under this statutory provision because not doing so would create a substantial risk that such jurors could contract COVID-19 and transmit it to others in the courtroom, which would "disrupt the proceedings" by forcing delays, causing them to quarantine, and also possibly infect or at least force the quarantining of other jurors and other persons involved in the trial. As set forth above, this trial is scheduled to proceed indoors with many participants for multiple weeks. According to the CDC, "[a]ccumulating evidence indicates that fully vaccinated people without immunocompromising conditions are able to engage in most activities with low risk of acquiring or transmitting SARS-CoV-2." CDC, "Science Brief: COVID-19 Vaccines and Vaccination," available at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last visited Sept. 2, 2021); see also id. (stating that a "growing body of evidence indicates that people fully vaccinated with an mRNA vaccine (Pfizer-BioNTech or Moderna) are less likely than unvaccinated persons to acquire SARS-CoV-2 or to transmit it to others"[2]). Therefore, for the same reasons set forth above, if an unvaccinated person were to be a juror, there is a substantial likelihood that they could contract and transmit COVID-19 to others, thereby "disrupt[ing] the proceedings."

---

[1] See N.Y. Times, "Tracking Coronavirus in New York City, N.Y.," available at https://www.nytimes.com/interactive/2021/us/new-york-city-new-york-covid-cases.html (lasted visited Sept. 2, 2021) (reporting a "very high risk [of contracting COVID-19] for unvaccinated people," including an average of over 1,800 new cases per day).

[2] The CDC reports that "[s]tudies are underway to learn more about the effectiveness of Johnson & Johnson/Janssen vaccine." CDC, "Science Brief: COVID-19 Vaccines and Vaccination," available at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last visited Sept. 2, 2021).

For all of these reasons, the government respectfully submits that the Court has appropriately determined that only vaccinated people should be eligible to sit at trial, and therefore the government respectfully requests the Court "so order" this letter.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By: _____/s/_____
Keith D. Edelman
Genny Ngai
Anna L. Karamigios
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (WFK) (by ECF)
    Defense Counsel (by ECF)

SO ORDERED:

_____
HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK