# MICHAEL HUESTON
### ATTORNEY AT LAW

16 COURT STREET  
SUITE 1800  
BROOKLYN, NEW YORK 11241

Tel: (718) 246-2900  
Fax: (718) 246-2903  
Email: mhueston@nyc.rr.com

ADMITTED NY

September 10, 2021

**BY ECF**  
The Honorable William F. Kuntz II  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re: *United States v. Elder, et al.,* 18 Cr. 092 (WFK)

Your Honor:

      Defendant Wilbert Bryant respectfully submits this letter in further support of his September 2, 2021 submission, Doc. No. 324, and in response to the Government's September 3, 2021 letter, Doc. No. 328, regarding the Court seating only jurors who are vaccinated against COVID-19, *see* Doc. No. 326, and in further support against the Court's August 26, 2021 decision and subsequent orders excluding individuals who are not vaccinated against COVID-19 from the jury. *See* Doc. Nos. 325 and 327.

      In supplement to the arguments, we previously raised in our September 2, 2021 letter, we respectfully submit that this Court should decline to impose a COVID-19 vaccination requirement for jurors, as doing so would: 1) violate substantive and procedural requirements in the Jury Selection and Service Act (JSSA); and, 2) accordingly we "move to dismiss the indictment or stay the proceedings against [Mr. Bryant] on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

**I.**     **Requiring vaccination would violate the JSSA in multiple ways.**

      In the JSSA, Congress "declar[ed]" a policy that all juries in federal court—both grand and petit—must be representative of the communities from which they are drawn:

> It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes. It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the district courts of the United States, and shall have an obligation to serve as jurors when summoned for that purpose.

28 U.S.C. § 1861. The JSSA further provides that "[n]o citizen shall be excluded from service as a grand or petit juror in the district courts of the United States . . . on account of race, color, religion, sex, national origin, or economic status." *Id.* § 1862.

In addition to declaring a statement of general policy, the JSSA prescribes detailed procedures for the selection of grand and petit juries in federal court. These procedures are intended to achieve two primary objectives: "random selection of juror[s]" and "determination of juror disqualifications, excuses, exemptions, and exclusions on the basis of objective criteria only." *See, e.g., United States v. Carmichael*, 685 F.2d 903, 911 (4th Cir. 1982); *see also United States v. Cecil*, 836 F.2d 1431, 1445 (4th Cir. 1988) (en banc) (explaining JSSA is designed to "achieve the goal of the Sixth Amendment: . . . assur[ing] a jury pool drawn randomly from a fair cross-section of the community").

Imposing a juror vaccination requirement would violate multiple provisions of the JSSA, relating to (1) the limited bases on which courts may exclude jurors, (2) the promulgation of juror questionnaires, and (3) the process by which each federal district court adopts a juror-selection plan. In so doing, the Court's current order undermines the important objectives that the JSSA is intended to achieve.

### A. The JSSA requires each federal district court to promulgate a plan that specifies which categories of people are "excused" from, "exempt" from, and "unqualified" for jury service.

The JSSA identifies three classes of people who should be screened out of the jury pool: those who are "excused" from, those who are "exempt" from, and those who are "unqualified" for jury service. It further instructs that "[e]ach United States district court shall devise and place into operation a written plan for random selection of grand and petit jurors that shall be designed to achieve the objectives of [the JSSA], and that shall otherwise comply with the provisions of [the JSSA]." 28 U.S.C. § 1863(a). Among other things, each district's plan should identify which people are excused, exempt, or unqualified.

The JSSA lays out a specific process for determining who is excused, exempt, or unqualified. According to the JSSA, each district's jury plan should identify the source of prospective jurors within the district, e.g., the "voter registration lists," the "lists of actual voters," or "some other source or sources of names in addition to voter lists." *Id.* § 1863(b)(2). It should also "provide for a master jury wheel" into which the district court clerk places names "randomly selected" from the court's chosen source. *Id.* § 1863(b)(4). "From time to time," the clerk draws names "at random" from the master jury wheel and mails to each person so selected "a juror qualification form," which asks questions about the recipient's eligibility for jury service. *Id.* § 1864(a). Based on the answers to those questions, the clerk determines whether prospective jurors are "unqualified for, or exempt, or to be excused from jury service." *Id.* § 1865(a).

The name of everyone who completes a juror questionnaire, and who is not determined to be exempt, excused, or unqualified, is placed in a "qualified jury wheel." *Id.* § 1866(a). When the need for a grand or petit jury arises, the clerk draws names "at random" from the qualified wheel and sends summonses to those people. *Id.*

The JSSA instructs that "no person or class of persons shall be disqualified, excluded, excused, or exempt from service as jurors," except for people deemed unqualified under § 1865 and people deemed excused or exempt "as provided . . . in [a] jury selection plan provision adopted pursuant to [§ 1863(b)(5)-(6)]." *Id.* § 1866(c). But in § 1866(c), the statute creates a limited number of specifically enumerated exceptions to this rule, providing that a "person summoned for jury service" may be:

- "excused by the court . . . upon a showing of undue hardship or extreme inconvenience";

- "excluded by the court on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings";

- "excluded upon peremptory challenge as provided by law";

- "excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown"; or

- "excluded upon determination by the court that his service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations."

*Id.* In sum, there are only four buckets of people who can be removed from jury service: (1) those who are excused, (2) those who are exempt, (3) those who are unqualified, and (4) those who fall into a § 1866(c) exception.

      **B.**    **Excluding unvaccinated people from jury service would (1) violate the JSSA by adding a basis for exclusion that Congress did not authorize, and (2) contravene the JSSA's procedural requirements.**

           **1.**    **The JSSA enumerates a limited number of permissible bases for excluding someone from jury service, and courts lack the power to supplement that list with a vaccination requirement.**

This Court may not impose a vaccination requirement on jury service, as that requirement is not a statutory basis for deeming a potential juror exempt, unqualified, excused, or subject to any § 1866(c) exception.

*First*, § 1863(b)(6) does not make unvaccinated people "exempt" from jury service.

*Second*, § 1865(b) does not deem such people "unqualified."

*Third*, the unvaccinated do not qualify as "volunteer safety personnel," and therefore are not "excused" under § 1863(b)(5)(B). While district courts do have the authority under § 1863(b)(5)(A) to identify additional "groups of persons or occupational classes whose members" may be excused from jury service, this Court cannot use that authority to categorically excuse the

3

unvaccinated. For starters, the power conferred by § 1863(b)(5)(A) is the power to enumerate groups whose members may be excused "on individual request therefor." That is, members of those groups may ask to be excused from jury service if they wish, but the court cannot forbid them from serving if they want to. As the House report to the JSSA put it: "'Members of excused groups could serve if they desired to do so, but a request for an excuse must be granted.'" *Sweet v. United States*, 449 A.2d 315, 326 (D.C. 1982) (citation omitted); *see also, e.g.*, *United States v. Armsbury*, 408 F. Supp. 1130, 1144 (D. Or. 1976) (quoting same report: "'For example, a mother with young children might prefer to hire a babysitter in order to be free for jury duty, but if she chooses not to hire one her request for an excuse must be granted.'"). This Court therefore cannot use its § 1863(b)(5)(A) power to exclude the unvaccinated from jury service.

Additionally, a class of persons can be added to the "excused" list only if jury service "would entail undue hardship or extreme inconvenience to the members thereof." § 1863(b)(5)(A). There is no reason to believe jury service would involve serious hardship or inconvenience for people who are unvaccinated, particularly in light of the rules this Court has put in place to ensure the safety of each person who enters the courthouse, including careful screening upon entry, social distancing, and the mandatory use of face masks. People who are unvaccinated have chosen not to receive a vaccine, which means they evidently feel comfortable going about their lives, and being in public, without being vaccinated. Under these circumstances, nothing about jury service would impose an undue hardship on the unvaccinated. To the extent the Court is concerned about the inconvenience to jurors who *have* been vaccinated, that concern can play no role in the § 1863(b)(5)(A) analysis; that subsection permits the Court to excuse groups or classes of people only if "the members thereof" would experience undue hardship or extreme inconvenience.

Finally, as explained in our September 2, 2021 letter, excluding those who have not been vaccinated would "be inconsistent with sections 1861 and 1862 of [the JSSA]" because it would produce a grand jury venire that does not represent a fair cross-section of the community. § 1863(b)(5)(A). And a fair cross section includes the unvaccinated.

*Fourth,* the Court may not exclude unvaccinated people pursuant to § 1866(c). That subsection allows a district court, under certain circumstances, to excuse or exclude a "person summoned for jury service." § 1866(c). Although it is not clear how the Court will implement its contemplated screening procedure, it appears the Court is considering screening for vaccination status during its questioning of prospective jurors. Upon information and belief, there has been no screening of unvaccinated people *before* "summon[ing them] for jury service"—i.e., the clerk has not mailed jury summonses contingent on a person's vaccination status.

However, the only portion of that subsection that is even arguably relevant to vaccination status is the second half of § 1866(c)(2), which provides that someone summoned for jury service may be "excluded by the court on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings." But this exception does not cover people who have not received a vaccine. For one thing, the § 1866(c)(2) exception is "case-specific" rather than "generic." *United States v. Spriggs*, 102 F.3d 1245, 1253 (D.C. Cir. 1996) (per curiam). In other words, a potential juror can be excluded under § 1866(c)(2) if there is something about the facts of a particular case that makes it likely she would "disrupt the proceedings"—for instance, personal knowledge of the facts or strong

4

feelings about an issue implicated by the case. Section 1866(c)(2), however, does not give district courts a license to exclude whole classes of people on the theory that they would be disruptive generally, in every case. The D.C. Circuit has explained:

> The closing sentence of § 1866(c) says that jurors excused "from *a particular jury* under clause (2), (3) or (4) of this subsection shall be eligible to sit on another jury if the basis for his initial exclusion would not be relevant to his ability to serve on such other jury," evidently reflecting an assumption that those subsections included case-specific excusals.

*Id.* (emphasis added). Thus even assuming the presence of unvaccinated people would be disruptive to jury proceedings, that fact would not permit their categorical exclusion under § 1866(c)(2).

And in any event, there is no basis for concluding unvaccinated jurors are "likely to disrupt the proceedings." § 1866(c)(2). Those who have been vaccinated may feel more at ease knowing their fellow jurors have also been vaccinated, but the presence of a small number of unvaccinated people will not cause so much anxiety that it will lead to a disruption, especially considering that all jurors will be required to wear masks and follow social-distancing protocols and that the rate of breakthrough infections among vaccinated people is extremely low. *See* Tucker Reals, *Study finds low rate of COVID-19 "breakthrough" infections, fewer symptoms in vaccinated people*, CBS News (Sept. 2, 2021) (citing data from a recent study in The Lancet showing that, of more than 1.2 million adults who received a first vaccine dose, fewer than 0.5 percent reported contracting COVID two weeks or more after the receiving the shot; among those who received both vaccine doses, fewer than 0.2 percent contracted the virus a week or more after getting the second dose), *available at* https://www.cbsnews.com/news/covid-breakthrough-infections-vaccine-rate-symptoms-study/. The rate of serious, symptomatic breakthrough infections is even lower. *Id.*

Because the JSSA does not authorize excluding unvaccinated people from jury service, the Court's proposal would be unlawful.

### 2. Requiring jurors to be vaccinated would run afoul of the JSSA's procedural requirements.

The JSSA requires a district court to take two procedural steps prior to amending its jury-selection plan, including excluding individuals who are not vaccinated against COVID-19, neither of which, we believe, the district court has completed. As a result, the Court lacks the power to impose a vaccination requirement on jurors.

***First,*** obtaining information on potential jurors' vaccination status would require either amending or supplementing the Court's current "juror qualification form" to include a question about the vaccine. § 1864(a). Upon information and belief, this has not happened. *See* EDNY Plan for Resumption of Jury Trials.[1] But under the JSSA, this Court cannot amend the

---

[1] https://img.nyed.uscourts.gov/files/pub-news/Plan%20for%20Resumption%20of%20Jury%20Trials.pdf.

5

questionnaire on its own. The JSSA defines a "juror qualification form" as "a form prescribed by the Administrative Office of the United States Courts and approved by the Judicial Conference of the United States, which shall elicit" biographical and demographic information about the respondents. § 1869(h). A district court therefore, may not use a juror qualification form unless it has first been "prescribed" by the Administrative Office and "approved" by the Judicial Conference. At this time, it appears neither the Administrative Office nor the Judicial Conference has sanctioned the use of questionnaires that ask about vaccination status. So asking about vaccination status would therefore be unlawful.

*Second,* excluding the unvaccinated from jury service would require amending this Court's Jury Selection Plan[2], and the EDNY Plan for Resumption of Jury Trials ("Plans"). As explained above, the JSSA instructs that "no person or class of persons" can be excluded from jury service unless: (1) they are unqualified, under § 1865(b), (2) they are excused or exempt "as provided in . . . [a] jury selection plan provision adopted pursuant to [§ 1863(b)(5)-(6)]," or (3) they fall into one of the limited number of exceptions in § 1866(c). Lack of vaccination is not among the conditions that render a potential juror "unqualified" under § 1865(b); this Court's Plans do not categorize such people as "excused" or "exempt"; and, as explained above, the unvaccinated do not fall into any § 1866(c) exception (even assuming that subsection is applicable here).

The JSSA authorizes each court to "modify [its] plan at any time." *Id.* § 1863(a). But when it does so, the court must "promptly notify" the Administrative Office, the attorney general, and "a reviewing panel consisting of the members of the judicial council of the circuit and either the chief judge of the district whose plan is being reviewed or such other active district judge of that district as the chief judge of the district may designate." *Id.* And any "[m]odifications of the plan made at the instance of the district court" do not "become effective" unless they receive "approval by the panel." *Id.*; *see also id.* § 1863(c) ("Modifications made at the instance of the district court under subsection (a) of this section shall be effective at such time thereafter as the panel directs, in no event to exceed ninety days from the date of modification."). The panel-approval requirement is more than a formality. See *discussion Cecil*, 836 F.2d at 1449 (As the Fourth Circuit has explained, the panel's blessing "is no perfunctory statement of judgment; it is the considered judgment of an impartial group with intimate acquaintance with the population involved and with the constitutional and statutory requirements.").

In short, the Court may not exclude unvaccinated people from jury service unless the district court first proposes a modification to that effect and receives approval. Because the district court has not yet done so, excluding the unvaccinated from jury service at this juncture would be illegal. *See United States v. Caballero*, 286 F. Supp. 3d 242, 248 (D. Mass. 2017) ("Section 1863(b) sets forth the basic requirements for each plan, which must be approved as compliant with the Act by the judicial council of the relevant circuit before implementation.").

---

[2] https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf

## II. Defendant Moves to Dismiss the Indictment

Under the statute, a criminal defendant "may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

Our first basis to dismiss is that the selection procedure will prevent the jury pool from representing a fair cross-section of the community. *See, e.g.*, *United States v. Mussmacher*, No. WDQ-09-0169, 2010 U.S. Dist. LEXIS 55011 (D. Md. June 3, 2010) at *32 (D. Md. June 3, 2010); *United States v. Andrews*, No. 1:12CR100-1, 2014 U.S. Dist. LEXIS 167269 (N.D.W. Va. Dec. 3, 2014), at * 6-7; *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1157 (9th Cir. 2014) (en banc).

Our second basis is that the Court's non-compliance with the statute "frustrates the policy objectives of the JSSA, namely the random selection of jurors and the objective determination of juror disqualification, exemptions and excuses." *United States v. Scott*, 2021 U.S. Dist. LEXIS 120136 (S.D.N.Y. June 28, 2021), at *39; *see also, e.g.*, *United States v. Bearden*, 659 F.2d 590, 600-01 (5th Cir. 1981). In other words, eliminating unvaccinated jurors "constitute[s] the creation of a new category of exclusion in violation of the [JSSA]." *See discussion United States v. Stein*, 985 F.3d 1254, 1263 (10th Cir. 2021). Furthermore, the Court's vaccination requirement is violative of the Fifth Amendment's equal protection guarantee. *See discussion Rose v. Mitchell*, 443 U.S. 545, 551 (1979) (The Supreme Court has held that "where sufficient proof of discrimination in violation of [equal protection] has been made out and not rebutted," a "conviction [must] be set aside and the indictment returned by the unconstitutionally constituted grand jury be quashed.").

Finally, we request a stay of these proceedings "to inspect, reproduce, and copy" "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." § 1867(f). The Supreme Court has held this provision gives defendants "essentially an unqualified right to inspect jury lists" when preparing a motion that "challeng[es] jury-selection procedures." *Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam).

    Respectfully,

    s/Michael Hueston
    Eylan Schulman
    *Counsel for Wilbert Bryant*

cc: Counsel of Record