*27 years* *the February 8, 2023*

U.S.A. v. WILBERT BRYANT
Docket #: 0207 1:18CR00092(S-5)-007(WFK)
Sentence Date: *January 13, 2023*

*REVISED* U.S. PROBATION DEPARTMENT SENTENCE RECOMMENDATION

*40 years*

*5 years SR.*

**Custody**

*consp to commit bank fraud*

Count 2: 5 Years CAG, to run consecutive to all counts. *Max 30*

*Extortion conspiracy*

Count 7: 10 Years CAG, to run consecutive to all counts *Max 20*

*committing physical violence in furtherance of an extortion*

Count 8: 12 Years CAG, to run consecutive to all counts. *Max 20*

Count 9: deleted.

Count 10: deleted.

**Supervised Release**    *CT 2 - max 5*    *CT 7/8 - 3 year max*

Counts 2, 7, and 8 *(Counts 9 and 10 deleted):* 3 Years Supervised release on each count, all to run concurrently

**Special Condition of Supervised Release:**

➤ The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

✓and a $300 ($100 per count) Special Assessment. *- 8 times*

**NOTE: Based on the information presented, the defendant is excused from the mandatory drug testing provision of 18 U.S.C. § 3583(d), however, he may be requested to submit to drug testing to ensure compliance with the conditions of his term of supervised release.**

*Obstructions enhancement*



DEFENDANT'S EXHIBIT

CASE NO. 18CR92-7

EXHIBIT NO. B

**COMMENTS**:

*This sentence recommendation has been revised due to the Court Order on November 9, 2022, vacating the convictions on Counts 9 and 10 of the Fifth Superseding Indictment.*

This 58-year-old defendant is awaiting sentencing, after having been convicted at trial for offenses involving *a conspiracy to commit bank fraud, extortion conspiracy, and committing physical violence in furtherance of an extortion.* The defendant was recruited by Ppassim Elder to participate in a bank fraud scheme where they opened bank accounts and obtained funds from victims for goods/services that were never provided.  In total, the defendant is accountable for an aggregate loss of $32,000.  In connection with an extortion scheme, the defendant and Frederick McCoy were recruited by Elder to intimidate the victims for payment and directed they use a firearm.  The defendant then recruited Dwayne Ling who later obtained a firearm.  During the altercation, one of the victims was pistol whipped and the other was shot in the face by Ling and died. At the time of the defendant's instant arrest, he refused to open the door to his apartment, requiring law enforcement to force entry into his apartment.  He was discovered in a shooting stance and an agent fired his weapon, but missed the defendant. The defendant then barricaded himself in the apartment and a specialized tactical unit was requested. The defendant lunged at one of the officers with a knife, causing the team to retreat.  The defendant was only able to be subdued by the team drilling a hole through the wall of the bedroom and tasering him.

The instant offense represents the defendant's third criminal conviction.  In 1983, he was sentenced to 18 to 54 months in custody after having been convicted of Robbery in the 2nd Degree.  In 1992, he was sentenced to 18 months to 3 years in custody after sustaining a conviction for Attempted Robbery in the 3rd Degree.

The defendant was reared by his parents (both deceased) under lower-income circumstances.  He has two living siblings (another died at the age of four), one paternal half-sibling, and one maternal half-sibling.  With the exception of his maternal half-sibling, the defendant shares close relationships with his family members, all of whom are aware of the instant legal situation and remain supportive of him.

The defendant has three adult daughters (ages 39, 32, and 24) from three prior romantic relationships.  He had another daughter who died in 2002 at the age of eight.  The defendant shares close relationships with his daughters, all of whom are aware of his arrest and conviction for the instant offense and maintain their support of him.

The defendant has several health issues, including prostate cancer that he was diagnosed with in 2015.  While in custody for the instant offense, the defendant was hospitalized in February 2022 due to complications with the prostate cancer; he was unable to urinate on his own and had a catheter placed in his penis for a period of two months.  The defendant is uncertain of his current prognosis.  He also suffers from a Vitamin D deficiency, high cholesterol, high potassium levels, and a cyst on his kidney.

The defendant reportedly attempted to commit suicide when he was 17 years old.  He also reported suicidal thoughts since he has been in custody for the instant offense, which he never acted on and have since subsided. Regarding substance abuse, the defendant has a history of



smoking marijuana when he was a teenager. He smoked marijuana laced with crack cocaine from the age of 21 until the age of 26. The defendant reportedly used LSD and cocaine on a few occasions, but has not used any substances since his 20s. Accordingly, it is recommended that the Court suspend the drug testing requirement in 18 U.S.C. § 3583(d), which, by reference to 18 U.S.C. § 3563(a)(5), allows the Court to suspend the drug testing requirement when the defendant presents a low risk of future substance abuse.

The defendant has a graduate equivalency diploma and attended several college courses while he was in custody for a prior offense. He was employed as a union laborer from 1996 until his arrest for the instant offense. Prior to becoming a union laborer, the defendant worked in the same capacity but for various companies and earned cash wages. He also worked as a mail courier when he was a teenager.

The defendant is facing a guideline imprisonment range that calls for a life sentence. Statutory maximum sentences are applicable on Counts 2, 7, and 8. Although the defendant was recruited by Ppassim Elder, his involvement in the instant offense is serious and cannot be minimized. He defrauded several victims of over $30,000, and he assisted Elder in a violent extortion conspiracy. During the course of the extortion conspiracy, the defendant recruited Dwayne Ling to obtain a firearm for the purpose of intimidating the victims, one of which was pistol whipped in the face and the other, shot and killed by Ling. The instant conduct demonstrates a complete disregard for the law, and more importantly, for human life. Although the defendant has a history of two violent crimes that occurred nearly thirty years ago, he appears to have maintained a law-abiding lifestyle up until his involvement in the instant scheme. Some consideration has been given to the defendant regarding his diagnosis of prostate cancer. However, a significant custodial term is viewed as necessary. As such, a total term of 27 years in custody is recommended, broken down as detailed previously. This significant sentence may amount to a life sentence given the defendant's age and health and is appropriate given the defendant's conduct. Such a sentence provides for a significant custodial term to promote principles of specific and general deterrence, and just punishment.

Although it is anticipated that the defendant will likely spend the duration of his life in custody in light of the custodial terms required, a 3-year term of supervised release is recommended to ensure that the defendant is supervised for a sufficient period of time to facilitate a successful reintegration into society if ultimately released after a lengthy period of incarceration. In addition, in the case that the defendant is released at any point, a search condition is recommended since the offense involved the use of a firearm.

Restitution is mandatory but cannot be determined at this time. Your Honor, per 18 U.S.C. § 3664(d)(5), may hold an evidentiary hearing within 90 days after sentencing to determine the specific amount owed to the victims. In light of the possibility of restitution, and based on the defendant's financial condition, a fine is not recommended.

**Jennifer E. Baumann**
**347-534-3477**
*January 3, 2023*